**Adam JENNINGS, Plaintiff, Appellant,**

v.

**Kenneth JONES, Defendant, Appellee.**

**No. 05–2522.**

United States Court of Appeals,
First Circuit.

Entered: Aug. 17, 2007.

Charles M. Bradley, FTS, Westerly, RI, for Plaintiff, Appellant.

Rebecca Tedford Partington, FTS, RI Attorney General's Office, Providence, RI, for Defendant, Appellee.

Before TORRUELLA, LYNCH and LIPEZ, Circuit Judges.

v.

**Kenneth JONES, Defendant, Appellee.**

**No. 05–2522.**

United States Court of Appeals,
First Circuit.

Entered: Aug. 17, 2007.

Charles M. Bradley, Westerly, RI, for Plaintiff, Appellant.

Rebecca Tedford Partington, RI Attorney General's Office, Providence, RI, for Defendant, Appellee.

Before BOUDIN, Chief Judge, TORRUELLA, LYNCH, LIPEZ, and HOWARD, Circuit Judges.

## ORDER OF COURT

Appellee Kenneth Jones' petition for rehearing en banc is denied.

BOUDIN, Chief Judge and LYNCH, Circuit Judge, concurring in the denial of rehearing en banc.

Properly, the revised panel opinion withdraws its ruling that the appellant waived or forfeited his right to a ruling on his

conditional new trial motion by failing to renew or argue it after the district judge granted qualified immunity. The panel opinion adheres to its decision overturning the district judge's belated grant of qualified immunity; at a minimum, we are both doubtful as to the panel majority's reasoning and result on this issue.

Nevertheless, at this time a new trial, in which all issues can be assessed afresh, appears to us the best solution—taking account of the unfortunate uncertainty about just what the jury decided and the other demands on the en banc court. If the district court grants the motion for a new trial and sets aside the jury verdict, appellant will have an adequate opportunity to defend himself on a fresh record and with proper instructions.

TORRUELLA, Circuit Judge, and LIPEZ, Circuit Judge, concurring in the denial of rehearing en banc.

The majority and dissenting opinions speak for themselves. Whether or not there should be a new trial on remand, and what issues should or should not be addressed in any new trial, are entirely matters for the district court to decide in the first instance.